IN THE CIRCUIT
COURT FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
VERMILION COUNTY, DANVILLE, ILLINOIS

FILED
JUN 27 2013
Clerk of the Circuit Court
Vermilion County, Illinois

HELEN GAUDIO, as guardian of the Estate of )
EARL GAUDIO, as a disabled person and on behalf )
of EARL GAUDIO, individually and as a )
Shareholder of EARL GAUDIO AND SON, INC. )
) No. 13 MR 120
    Plaintiffs, )
)
vs. )
)
ERIC GAUDIO, DENNIS GAUDIO AND EARL )
GAUDIO AND SON, INC. )
)
    Defendants. )

## CONSENT ORDER OF CUSTODIANSHIP

Now Comes, the Parties to this Litigation, the Plaintiff, HELEN GAUDIO, as Guardian of the Estate of EARL GAUDIO, as a disabled person, on behalf of Earl Gaudio, individually and as a shareholder of EARL GAUDIO AND SON, INC. by her attorney, William R. Tapella of Tapella and Eberspacher, LLC and Defendants ERIC GAUDIO, DENNIS GAUDIO and EARL GAUDIO AND SON, INC. by their attorney, Kerry R. Clapper, of Clapper and Clapper, P.C. and FIRST MIDWEST BANK as temporary custodian of EARL GAUDIO AND SON, INC. by its attorneys, Ice Miller LLP and herein agree to the entry of the following Consent Order of Custodianship without further proceedings:

WHEREAS, the Parties desire to resolve the matter amicably and without further proceedings, trial or adjudication of any issue regarding the appointment of FIRST MIDWEST BANK as Custodian of EARL GAUDIO AND SON, INC. and therefore stipulate as follows:

WHEREAS: Sections 226 and Sections 291 of the Delaware General Corporation Law, as amended (the "DGCL"), permit a court to appoint a custodian to take charge of the assets,

1

C/1828504

estate, effects, business and affairs of a corporation, and to collect the outstanding debts, claims and property due and belonging the corporation, with power to prosecute and defend, in the name of the corporation or otherwise, all claims or suits, to appoint an agent or agents under it and to do all other acts which might be done by the corporation and which may be necessary or proper.

WHEREAS: On June 24, 2011, by Stipulation of the Parties and Temporary Order (herein the "Temporary Order")this Court appointed FIRST MIDWEST BANK as the temporary custodian (herein the "Custodian" of EARL GAUDIO AND SON, INC., and herein the "Company").

WHEREAS: All Parties stipulated and agreed that this Court shall be vested with ongoing authority to supervise the Custodian and to make determination as to the term of the Custodianship and the scope of the Custodian's authority upon application of any Party.

4. Therefore, this Court has jurisdictional subject matter of this action, and all Parties including the Custodian.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED

1. Pursuant to the Temporary Order this Court hereby takes exclusive jurisdiction over the Company and all of its assets and property, of whatever kind and wherever located, and FIRST MIDWEST BANK is appointed the Custodian of the Company to serve without bond until further Order of this Court.

2. The Custodian shall have all power and authority vested in the Company's Board of Directors to operate said Company during the Custodianship under this Court's Order subject to review by the Court on application of any Party or upon the Court's own Motion.

2

C/182850.4

3. The Custodian shall have all powers granted to a custodian and receiver under Sections 226 and 291-298 of the Delaware General Corporation Law, and all powers, authorities, rights and privileges heretofore possessed by the directors, officers of the Company under applicable state and federal law in addition to all powers and authority of a Custodian at equity. The directors, officers and other agents of the Company are hereby dismissed and their powers are hereby suspended during the pendency of the custodianship. Such persons and entities shall have no authority with respect to the Company's operation or assets, except to the extent as may hereafter be specifically granted by the Custodian or previously provided by the Temporary Order relating to the negotiation, approval and execution of a sale contract with Skeff Distribution Company, Inc.

4. The Custodian shall assume and control the operation of the Company and shall pursue and preserve all of its claims.

5. The Custodian is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents of or relating to the Company. The past and/or present officers, directors, agents, managers, attorneys, trustees, accountants or employees of the Company, as well as all those acting in their place are hereby ordered and directed to turn over to the Custodian forthwith all books, records, documents, accounts and all other instruments and papers of and relating to the Company and all of the Company's assets and any other assets and property of the Company, whether real or personal. All persons and entities having control, custody or possession of any assets or property of the Company are hereby directed to turn such assets and property over to the Custodian or be subject to the contempt of this Court.

3

6. The Custodian should promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, debtors, and managers of the Company as the Custodian deems necessary or advisable to effectuate the operation of this Custodianship. All persons and entities owing any obligation, debt or distribution, with respect to the Company, shall until further Order by this Court pay all such obligations in accordance with the terms thereof to or at the direction of the Custodian and its receipt for such payment shall have the same force and affect as if the Company had received such payments.

7. The Custodian is hereby authorized to open such bank accounts and to extend credit on behalf of the Company, and, in addition to the individuals appointed in the Temporary Order, to employ such personnel as it may deem necessary to effectuate the operation of the Company including, but not limited to, attorneys, accountants, consultants, appraisers and it is further authorize to expend Company funds to compensate such personnel in such amounts and upon such terms as the Custodian shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel.

8. The Custodian is not required to obtain Court approval prior to the disbursement of Company funds for payments to personnel employed by the Custodian or for expenses the Custodian deems advantageous to the orderly administration and operation of the Custodianship. The Custodian may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the orderly course of business, other than, the real estate or distributions to the shareholders.

9. The Company's past and/or present officers, directors, attorneys, shareholders, employees, accountants, debtors, creditors, and other appropriate persons or entities shall answer under oath to the Custodian all questions in which the Custodian may put to them and produce

4

C/182850.4

any documents as required by the Custodian regarding the business of said Company, or any other matter relevant to the operation or administration of the Custodianship or the collection of funds due to the Company. In the event that the Custodian deems it necessary to require the appearance of the aforementioned persons and entities, the Custodian shall make its discovery request(s) pursuant to subpoenas issued in accordance with the Illinois Supreme Court Rules and Illinois Code of Civil Procedure.

10. The Company and its past and/or present directors, officers, or agents, employees or shareholders or any other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any action or causing any such action to be taken which would dissipate any assets of the Company, to the detriment of the Company or of the Custodian appointed in this cause, including but not limited to destruction of corporate records.

11. It is further ordered that the Custodian shall provide an initial report to the Court and the Parties within thirty (30) days of the date of this Order, subject to such reasonable extensions as the Court may grant, that details all of the Company's assets and liabilities that have become known to the Custodian. The Custodian shall provide additional reports and/or updates as the Court deems necessary in the course of fulfilling its duties as set forth herein.

12. It is further ordered that the Custodian and all persons hired by the Custodian as herein authorized, including counsel to the Custodian, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the costs of actual out-of-pocket expenses incurred by them in the performance of services in connection with the Custodianship, solely from the assets now held by, or in the possession or control of, or may be received by the Company. The Custodian shall file with the Court and serve on the Parties periodic requests for

5

C/182850.4

the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order.

13. Serving in the Role of Custodian and possessing the power of the Company's board of directors, the Parties agree and consent that First Midwest Bank shall have all rights of indemnity that are permitted under the Delaware General Corporation Law, 8 Del.C. 145 for officers and directors of a corporation. Specifically, by agreement of the Parties and this ORDER, the Custodian shall be indemnified in its corporate capacity against any and all liabilities of every nature, whether accrued or arising in the future, contingent or absolute, obligations, losses, damages, penalties, actions, judgments, suits, costs, and attorneys' fees or expenses of any kind which may arise from the performance of services in connection with Custodianship, including, but not limited to all decisions made and actions taken or not taken with regard to the Custodianship.

14. All of the provisions of the Temporary Order by the Court on June 24, 2013, except to the extent it is modified by this Order shall remain in full force and affect until further order of this Court. It is further ordered that this Order shall remain in full force and affect until further order of Court, and that this Court retains jurisdiction of this matter for all purposes.

_____
William R. Tapella
Attorney for Plaintiff

_____
Kerry R. Clapper
Attorney for Defendants

_____
Richard C. Johnson
Attorney for Custodian

_____
Judge

STATE OF ILLINOIS } SS   IN THE
VERMILION COUNTY }      CIRCUIT COURT

I HEREBY CERTIFY THAT THE FOREGOING IS A
TRUE AND CORRECT COPY OF THE ORIGINAL
NOW ON FILE IN THIS COURT AND CAUSE.
DENISE R. GARDNER
VERMILION COUNTY CIRCUIT CLERK

6-27-13
DATED         DEPUTY CLERK

6

the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order.

13. Serving in the Role of Custodian and possessing the power of the Company's board of directors, the Parties agree and consent that First Midwest Bank shall have all rights of indemnity that are permitted under the Delaware General Corporation Law, 8 Del.C. 145 for officers and directors of a corporation. Specifically, by agreement of the Parties and this ORDER, the Custodian shall be indemnified in its corporate capacity against any and all liabilities of every nature, whether accrued or arising in the future, contingent or absolute, obligations, losses, damages, penalties, actions, judgments, suits, costs, and attorneys' fees or expenses of any kind which may arise from the performance of services in connection with Custodianship, including, but not limited to all decisions made and actions taken or not taken with regard to the Custodianship.

14. All of the provisions of the Temporary Order by the Court on June 24, 2013, except to the extent it is modified by this Order shall remain in full force and affect until further order of this Court. It is further ordered that this Order shall remain in full force and affect until further order of Court, and that this Court retains jurisdiction of this matter for all purposes.

_____
William R. Tapella
Attorney for Plaintiff

_____
Kerry R. Clapper
Attorney for Defendants

_____
Richard C. Johnson
Attorney for Custodian

_____
Judge

6

C/182850.4

ENTERED this ____ day of June, 2013.

Prepared by:

Richard C. Johnson, Esq.
Elizabeth A. McKillip, Esq.
Ice Miller LLP
2300 Cabot Drive
Suite 455
Lisle, IL 60532
(630) 955-0555