**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case Number 14-70556 |
| GOLD'S GYM OF SPRINGFIELD, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**DEBTOR'S MOTION FOR ORDER AUTHORIZING SECTION 363 SALE OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS AND INTERESTS, FOR ORDER AUTHORIZING CERTAIN CARVE-OUTS, AND FOR RELATED RELIEF**

NOW COMES the Debtor, GOLD'S GYM OF SPRINGFIELD, INC., by and through its attorneys, SCOTT & SCOTT, P.C., and moves the Honorable Court for entry of an order authorizing the sale of substantially all of the Debtor's assets pursuant to Sections 363, 105, and 1107(a) of the Bankruptcy Code and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, and authorizing the assignment of certain executory contracts and unexpired leases pursuant to Section 365 of the Bankruptcy Code, and in support thereof, states as follows:

1. On March 28, 2014, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is operating its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee has been made in the Chapter 11 case.

2. On December 9, 2014, the Debtor filed its Second Amended Plan of Reorganization and Second Amended Disclosure Statement. The hearing on confirmation of the Second Amended Plan of Reorganization is currently schedule for March 31, 2015.

3. The Debtor is a full service health club and operates the Springfield franchise of Gold's Gym, the internationally known fitness brand. The health club opened in January 2005.

Maureen Suhadolnik is its sole shareholder and Chief Executive Officer. The Debtor employs 4 full-time staff, 11 part-time staff, and 14 class instructors.

4. The principal terms of the proposed sale are set forth in a Letter of Intent between the Debtor and Nas'Anno Corp. (hereinafter the "Purchaser"), dated March 5, 2015, a copy of which is attached as Exhibit A. The Letter of Intent provides as follows:

(a). The Purchaser would acquire all or substantially all of the assets, tangible and intangible, which are owned by the Debtor and which are used at the business located at 1600 East Clear Lake Avenue, Springfield, Illinois, including without limitation the real estate, all personal property owned by the Debtor, all intellectual property, any and all customer lists, and the goodwill associated with the business, all free and clear of any liens, claims, and other interests and encumbrances.

(b). A definitive purchase agreement is to be negotiated, agreed, and executed by the parties using all reasonable efforts on or before March 30, 2015.

(c). The Debtor is required to conduct its business in the ordinary course of business during the period following the Letter of Intent until closing.

(d). The total consideration for the assets to be purchased would be in the amount of $1,780,000.00.

5. Based on the above consideration, the sale proceeds would be distributed toward expenses and to creditors in this case (hereinafter the sale "carve-outs") as follows:

(a). $1,400,000.00 would be paid to Illini Bank as agreed settlement in full satisfaction of Illini Bank's Proof of Claim Number 12 and for the release of its mortgage and security interests.

(b).     $106,870.00 would be paid toward the real estate commission fees of 6 percent, which represents a reduction from the 8 percent fee authorized in the Order Approving Employment of Real Estate Consultant.

(c).     $2,500.00 would be paid toward title work and other closing costs.

(d).     $71,709.15 would be paid toward 2012 real estate taxes.

(e).     $66,366.90 would be paid toward prorated 2014 real estate taxes.

(f).     $11,061.16 would be paid toward prorated 2015 real estate taxes.

(g).     $6,142.32, or the lesser current amount of the secured claim, would be paid to Carroll Seating Company, Inc.

(h).     $1,833.00, or the lesser current amount of the claim, would be paid to Core Industries, Inc.

(i).     $14,279.50 would be paid toward the previously approved legal expense administrative claim of the Debtor's attorney.

(j).     $9,169.50 would be paid toward the previously approved accounting expense administrative claim of the Debtor's accountant.

(k).     $5,800.00 would be paid toward pending appraisal expenses of the Debtor.

(l).     An estimated $25,000.00 would be paid into the Debtor-in-Possession account and would be used to pay remaining legal, accounting, and other administrative expenses, including an estimated $6,500.00 in U.S. Trustee's fees.  Such funds would remain in the Debtor-in-Possession account as part of the bankruptcy estate until such time as the Court approves payment of such remaining legal, accounting, and other administrative expenses upon proper motion and application, except as to U.S. Trustee quarterly fees which will be paid in the normal course of the U.S. Trustee quarterly fee billing system.

      (m).    $44,251.92 would be paid to resolve the Internal Revenue Service priority claim, settled on a trust fund liability basis.

      (n).    $2,751.51 would be paid toward the Illinois Department of Revenue priority claim.

      (o).    The Debtor is estimated to have $10,000.00 in accumulated funds to apply towards the above claims and expenses.

      (p).    The balance of $22,335.04 would be paid to the remaining general unsecured claims pro-rata, which would provide an approximate 5 percent distribution.

6.    Once the Court has scheduled a hearing on this motion, the Debtor will cause notice of the motion and the proposed sale to be served on all necessary parties and their respective counsel.

## Appropriate 363(b) Sale

7.    Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). In applying this section, courts have found that the sale of a debtor's assets must be based upon the debtor's sound business judgment. In re Schipper, 933 F.2d 513, 515 (7th Cir. 1991); In re Chrysler, LLC, 405 B.R. 84, 95 (S.D. N.Y. 2009), citing In re Lionel Corp., 722 F.2d 1063, 1070 (2nd Cir. 1983). Further, if a proper business justification exists for the proposed sale, courts should give deference to the debtor's decision, as there is a strong presumption that the debtor acted in good faith and in its best interests. See In re S.N.A. Nut Co., 186 B.R. 98, 102 (N.D. Ill. 1995). The burden of rebutting this presumption lies with the parties opposing the proposed exercise of a debtor's business judgment. See In re Integrated Resources, 147 B.R. 650, 656 (S.D. N.Y. 1992).

8.  In the context of Chapter 11 cases, a debtor normally cannot enter into a transaction under Section 363 that would amount to a plan of reorganization or an attempt to circumvent the Chapter 11 requirements for confirmation of a plan of reorganization. In re Chrysler, LLC, 405 B.R. 84, 95-96 (S.D. N.Y. 2009). However, if the transaction has a proper business justification which has potential to lead toward confirmation of a plan and is not intended to evade the plan confirmation process, the transaction may be authorized. Id. More specifically, a debtor may sell substantially all of its assets as a going concern under Section 363 and later submit a plan of liquidation providing for the distribution of the proceeds of the sale. Id.

9.  In this case, the Debtor believes there is sufficient business justification for the proposed sale. An expeditious sale of the assets will maximize the value of the Debtor's business as a going concern and is in the best interests of the Debtor and the bankruptcy estate. If the Debtor's business were to discontinue prior to sale, the substantial reduction to the goodwill and going concern value would likely result in no dividend to unsecured creditors. The Debtor has also determined, in a sound exercise of its business judgment, after the assets have been marketed for sale for over 2 years, that the proposed sale represents the maximum value that could be provided to the estate and to the creditors. The proposed sale is the result of extensive marketing by the Debtor of the assets and has involved substantial efforts in good faith by the Debtor and by the Purchaser. Despite the real estate consultant's and Debtor's best efforts, the Purchaser's offer is materially higher than any other offer. Accordingly, the sale should maximize distributions to all creditors and represents fair consideration under the circumstances of the case. In addition, Illini Bank, the party most directly affected by the sales price, is supportive of the sale and of the relief requested. Illini Bank's consent to the proposed sale is contingent upon payment to Illini

Bank from the sale proceeds in the amount of $1,400,000.00 as set forth in the carve-out provisions in paragraph 5.

10. Bankruptcy Rule 6004(f) permits a debtor to conduct either a private sale or a public auction under Section 363, and a debtor may conduct a private sale if a good business justification exists. See In re Embrace Systems Corp., 178 B.R. 112, 123 (W.D. Mich. 1995); In re Condere Corp., 228 B.R. 615, 629 (S.D. Miss. 1998). A private sale of assets is appropriate if all provisions of Section 363 are followed, the bid is fair, and the sale is in the best interests of the estate and its creditors. In re Embrace Systems Corp., 178 B.R. 112, 123 (W.D. Mich. 1995).

11. In this case, the proposed sale price is fair based on the appraisal of C. Randy Johnson which shows a fair market value for the real estate and improvements of $1,200,000.00. Moreover, based on the facts of the case that the assets have been marketed for over 2 years and that the assets have a very limited market of potential buyers due to the nature of the business, the low probability that another potential purchaser would appear with a better offer at a public auction does not justify the delay and costs associated with conducting a public auction and does not justify the risk that the Purchaser may withdraw its offer because the Purchaser is required to participate in a public auction or because the purchase is delayed in order to conduct a public auction.

### Subsequent Modified Plan of Liquidation

12. If the sale of the assets pursuant to the Letter of Intent is approved by the Court as requested in this motion, the Debtor intends to submit an amended Chapter 11 plan of liquidation providing for the distribution of assets substantially as set forth in the carve-out provisions in paragraph 5.

**Sale Free and Clear of Liens and Interests Pursuant to Section 363(f)**

13. The Debtor is proposing to sell the assets free and clear of any and all liens, claims, and other interests and encumbrances pursuant to Section 363(f) and is proposing to have such liens, claims, and other interests and encumbrances attach to the sale proceeds only.

14. Once it is determined by the Court that the requirements of Section 363(b) have been met because there is a sufficient business justification for the proposed sale, the Court must consider whether the sale may be authorized free and clear of any liens and interests of an entity other than the estate. In re Chrysler, LLC, 405 B.R. 84, 100 (S.D. N.Y. 2009). In considering this issue, the Court must determine whether any of the elements of Section 363(f) are satisfied. Id. Section 363(f) provides that a trustee, or debtor-in-possession, may sell property under Section 363(b) or (c) free and clear of any interest in such property of an entity other than the estate if: (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

15. The proposed sale satisfies Section 363(f)(2) of the Bankruptcy Code in that Illini Bank, the largest secured creditor and largest unsecured creditor, consents to the sale. The proposed sale satisfies Section 363(f)(5) of the Bankruptcy Code as all other lien and interest holders could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of their liens or interests. Section 363(f)(5) does not require that such lien and interest holders receive full payment of the underlying debt as the requirement of full payment would be inconsistent with the Bankruptcy Code. Scherer v. Federal National Mortgage Ass'n, 159 B.R. 821, 829 (N.D. Ill.

1993); In re Grand Slam U.S.A., 178 B.R. 460, 461-62 (E.D. Mich. 1995); In re Healthco International, Inc., 174 B.R. 174, 176-77 (Mass. 1994). In addition, since any lien can always be discharged by full payment of the underlying debt, there would be no sense in Section 363(f)(5) authorizing a sale only if that could be done. In re Grand Slam U.S.A., 178 B.R. 460, 461-62 (E.D. Mich. 1995), citing In re Healthco International, Inc., 174 B.R. 174, 176-77 (Mass. 1994). Therefore, even if the proposed sale does not generate sufficient proceeds to satisfy all claims of holders of liens and other interests, Section 363(f)(5) permits the Debtor to sell the relevant assets free and clear of such liens and interests.

16. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in the event a sale authorized under Section 363(b) or (c) is later reversed or modified on appeal. Specifically, Section 363(m) provides that the reversal or modification on appeal of an authorization under Section 363(b) or (c) does not affect the validity of a sale to an entity that purchased such property in good faith, whether or not such entity knew of the pendency of the appeal unless such authorization and such sale were stayed pending appeal. The Bankruptcy Code strongly favors finality of sales because the protection of good faith purchasers maximizes the value of the assets for sale, which benefits both debtors and creditors. Hower v. Molding Systems Engineering Corp., 445 F.3d 935, 938 (7th Cir. 2006).

17. Due to the absence of a bright line test for good faith, the determination should be based on the facts of each case, concentrating on the integrity of the purchaser's conduct during the sale proceedings. In re Rock Industries Machinery Corp., 572 F.2d 1195, 1198 (7th Cir. 1978). Typically, the misconduct that would destroy a purchaser's good faith status in a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders. Id. Based on the terms of the proposed sale and

8

based on the arms-length nature of the transaction, the Debtor will request a finding that the Purchaser is a good faith purchaser entitled to the protections of Section 363(m) of the Bankruptcy Code.

### Assignment of Contracts and Leases

18. The Debtor also seeks to assume and assign certain contracts and leases to the Purchaser which affect the conduct of the Debtor's business, including the CrossFit Instinct lease, the Les Mills and BodyPump contracts, and the fitness equipment leases. Section 365(a) of the Bankruptcy Code provides that a trustee, or debtor-in-possession, subject to the Court's approval, may assume or reject any executory contract or unexpired lease of the debtor. The Debtor's assumption and assignment of such contracts and leases will be contingent upon payment of any required cure amounts by the Debtor and effective only upon the occurrence of the closing. Further, Section 365 of the Bankruptcy Code states that a debtor's assignment of a contract or lease relieves the trustee and the estate from any liability for any breach of such contract or lease which occurs subsequent to the assignment.

### Waiver of 14-Day Stay

19. Bankruptcy Rule 6004(h) provides that an order authorizing the use, sale, or lease of property is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise. Similarly, Bankruptcy Rule 6006(d) provides that an order authorizing the trustee to assign an executory contract or unexpired lease under Section 365(f) is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise. The Debtor and Purchaser believe that the sale should be consummated as soon as possible in order to provide maximum recoveries to the Debtor's creditors. Accordingly, the Debtor requests that the order approving of the sale and assignment of executory contracts and unexpired leases be effective immediately upon

entry of such order and that the 14-day stay under Bankruptcy Rules 6004(h) and 6006(d) be waived.

Wherefore, the Debtor, GOLD'S GYM OF SPRINGFIELD, INC., by and through its attorneys, SCOTT & SCOTT, P.C., prays the Honorable Court for the following relief:

A.  To enter an order authorizing the sale of substantially all of the Debtor's assets to the proposed Purchaser;

B.  To enter an order authorizing the distribution of sale proceeds to creditors as set forth in the carve-out provisions in paragraph 5;

C.  To enter an order authorizing the assumption and assignment of executory contracts and unexpired leases to the Purchaser;

D.  To waive the 14-day stay for the order under Bankruptcy Rules 6004(h) and 6006(d); and

E.  For such other and different relief as the Court deems just.

> Respectfully submitted,
>
> GOLD'S GYM OF SPRINGFIELD, INC.,
> Debtor-in-Possession
>
> By:    SCOTT & SCOTT, P.C.
>
> By:    R. Stephen Scott
>           One of Its Attorneys

R. Stephen Scott  (2533391)
Jason T.H. Germeraad  (6286232)
Scott & Scott, P.C.
Attorneys at Law
611 East Monroe Street, Suite 200
Springfield, Illinois  62701
Telephone:  (217) 753-8200

STATE OF ILLINOIS )
) ss.
COUNTY OF SANGAMON )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that an exact copy of the above and foregoing instrument was served upon the following parties by electronic transmission through the Case Management/Electronic Case Filing System of the U.S. Bankruptcy Court to:

| | |
|---|---|
| Mark A. Bogdanowicz | mbogdanowicz@howardandhoward.com; |
| | agordon@howardandhoward.com |
| | sbrocksmith@howardandhoward.com |
| Paul Arthur Brocksmith | paul@brocklaw.com |
| Emily Eileen Gleason | egleason@centralstatesfunds.org |
| Andrew James Herink | aherink@centralstatesfunds.org |
| Timothy J. Howard | toward@howardandhoward.com; |
| | psepich@howardandhoward.com |
| Thomas E. Howard | tehoward@howardandhoward.com; |
| | sessig@howardandhoward.com |
| Frank W. Ierulli | fwi@h2law.com; |
| | pms@h2law.com |
| Timothy J Rigby | trigby@hswnet.com; |
| | hgraham@hswnet.com |
| Timothy E. Ruppel | tim.ruppel@usdoj.gov; |
| | timmy.ruppel@gmail.com |
| U.S. Trustee | USTPRegion10.PE.ECF@usdoj.gov |

The undersigned hereby further certifies that an exact copy of the above and foregoing instrument was served upon the parties of record as indicated below and addressed to:

| | |
|---|---|
| Eck, Schafer & Punk, LLP<br>Attn: Bill Shomidie<br>600 East Adams Street<br>Springfield, IL 62701 | US Bank NA dba<br>US Bank Equipment Finance<br>1310 Madrid St<br>Marshall, MN 56258 |
| Allied Plumbing & Heating<br>1315 Wabash Avenue<br>Springfield, IL 62704 | Allstate Property & Casualty Company<br>2775 Sanders Rd<br>Northbrook, IL 60062 |
| Ameren Illinois<br>Credit and Collections<br>2105 E. State Rte 104<br>Pawnee, IL 62558-4681 | Hartford Fire Insurance Company<br>Bankruptcy Unit, T-1-55<br>1 Hartford Plaza<br>Hartford, CT 06101 |

11

| | |
|---|---|
| Wells Fargo Financial National Bank<br>P.O. Box 660431<br>Dallas, TX 75266 | Assurant Employee Benefits<br>2323 Grand Boulevard<br>Kansas City, MO 64108-2670 |
| AT&T<br>P.O. Box 8100<br>Aurora, IL 60507-8100 | Bank Direct Capital Finance LLC<br>P.O. Box 660448<br>Dallas, TX 75266 |
| Capitol Insurance Companies<br>P.O. Box 5900<br>Madison, WI 53705-0900 | CDS Office Technologies<br>Post Office Box 3566<br>Springfield, IL 62706 |
| City Water, Light, and Power<br>300 South 7th Street<br>Springfield, IL 62701 | Club Systems<br>77 Sugar Creek Center Blvd., Suite 200<br>Sugar Land, TX 77478 |
| Wellman's Lawn Care<br>5409 Bunting Road<br>Springfield, IL 62711 | Core Industries Inc.<br>4400 NE 77th Ave., Ste 300<br>Vancouver, WA 98662 |
| CrossFit Instinct<br>1600 E. Clear Lake Ave.<br>Springfield, IL 62703 | D & B Cleaning<br>1961 Stanhope Road<br>Springfield, IL 62702 |
| Franklin Collection Service, Inc.<br>P.O. Box 3910<br>Tupelo, MS 38803-3910 | Gilson Enterprises Inc.<br>2637 South Lowell Avenue<br>Springfield, IL 62704 |
| Gold's Gym Corporate Office<br>4001 Maple Ave., Ste 200<br>Dallas, TX 75219-3249 | Health Alliance<br>301 S. Vine<br>Urbana, IL 61801 |
| Illinois Department of Revenue<br>Post Office Box 19044<br>Springfield, IL 62794 | Primo Designs<br>2417 North Grand Avenue East<br>Springfield, IL 62702 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Illinois Dept. of Employment Security<br>33 S. State St., 10th Floor<br>Chicago, IL 60603-2802 |
| JC Insurance<br>P.O. Box 20881<br>Springfield, IL 62708 | KONE Inc.<br>325 19th Street<br>Moline, IL 61265 |

12

Les Mills/BodyPUMP
3675 Commercial Ave.
Northbrook, IL 60062

Quality Elevator Inspections Inc.
Post Office Box 200
New Berlin, IL 62670

Ridings Plumbing
3609 South Douglas Avenue
Springfield, IL 62704

Spectrum Janitorial Supply
Post Office Box 42787
Indianapolis, IN 46242

Taylor Collision Enterprises, LLC
2974 Old Rochester Road
Springfield, IL 62703

United States Attorney, Central Dist.
318 South 6th Street
Springfield, IL 62701

Perrino & Associates
214 South 6th Street
Springfield, IL 62701

Recovery Management Systems Corp
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Sangamon County Clerk
200 South 9th Street, Room 101
Springfield, IL 62701

Sangamon County Treasurer & Collector
200 South 9th Street, Room 102
Springfield, IL 62701

The Hartford
P.O. Box 660916
Dallas, TX 75266

United States Department of Treasury
P.O. Box 21126
Philadelphia, PA 19114

on this 13th day of March, 2015.

By: /s/ Kimberly Curry

Subscribed and sworn to before me this 13th day of March, 2015.

By: /s/ Erin Biggerstaff
       Notary Public